Stuart Miller (CA State Bar No. 127766)
Mark C. Gabel (CA State Bar No. 253729)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, CA 94111-6533
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
Email:   stuartmiller@dwt.com
         markgabel@dwt.com

Kenneth D. Kleinman  (PA State Bar No. 31770) (*Pro Hac Vice*)
Joseph D. Shelby (PA State Bar No. 69399) (*Pro Hac Vice* pending)
STEVENS & LEE, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103-1702
Telephone: (215) 575-0100
Facsimile:  (215) 851-0214
Email:   kdk@stevenslee.com
         jds@stevenslee.com

Attorneys for DEFENDANT
HEALTHCARE SERVICES GROUP, INC.

**IT IS SO ORDERED**
Judge James Ware

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TONY M. GLENN, | ) |
| | ) Case Number: 3:11-cv-06713 JW |
| Plaintiff, | ) |
| | ) **[PROPOSED] STIPULATED** |
| vs. | ) **PROTECTIVE ORDER** |
| | ) |
| HEALTHCARE SERVICES GROUP, INC., | ) State Court Action Filed:  September 30, 2011 |
| and DOES 1-10, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Subject to the approval of this Court, Plaintiff TONY M. GLENN ("Glenn" or "Plaintiff") and Defendant HEALTHCARE SERVICES GROUP, INC. ("HSG" or "Defendant"), by and through their respective counsel of record, stipulate to the following Protective Order.  This Protective Order is intended to account for and protect any and all financial, proprietary, and trade secret information, as well as any private personal information of any of the parties, or of any third

1

1  party, that is produced in this case.

## STIPULATED PROTECTIVE ORDER

The parties, or any of them, may determine that certain information is confidential and that they do not want to disclose that information in this litigation without an obligation of secrecy. The parties therefore agree as follows regarding their obligations of secrecy with respect to such information disclosed during discovery.

The Court, finding that the agreement of the parties is proper and desirable in the circumstances of this case, Orders as follows:

1. The following definitions apply to this Order:

   a. "Party" or "Parties" means any party in the above captioned lawsuit. "Third Party" or "Third Parties" means every natural person or entity other than the Parties and their counsel.

   b. "Documents" means all documents, transcribed deposition testimony, and other products of discovery; all information derived directly or indirectly therefrom (excluding the work product of counsel), produced, made available, or given by any party hereto, subsequent to the date of this Stipulation, whether produced voluntarily or pursuant to a subpoena or court order; and all copies, excerpts or summaries thereof. "Documents" includes, but is not limited to, documents produced or made available pursuant to the Federal Rules of Civil Procedure, and responses to requests for production of documents, requests for admission, or interrogatories.

   c. "Confidential Information" means any information which is disclosed in discovery or in some other proceeding in this litigation, and which is designated as Confidential Information in good faith prior to or at the time of its disclosure by the party asserting confidentiality, whether such designation be oral at a hearing or deposition, or in writing, and whether such disclosure is voluntary or not. Only material that falls into one of the following six categories may be designated as Confidential Information:

        i. Personal information, including addresses, phone numbers, email addresses, and other contact information, of any officer, employee, or former employee of Defendant other than Plaintiff.

        ii. Employment or personnel records of any officer, employee, or former employee of Defendant other than Plaintiff.

        iii. Information concerning or constituting trade secrets or other confidential and proprietary business information.

        iv. Other specific documents as agreed to by the parties.

        v. Other specific documents as specified by court order.

d. "Qualified Person(s)" means any of the following:

        i. The parties to this lawsuit, including any officer, director, or agent of Defendants, provided that the party, before receiving the Confidential Information, has signed an agreement to abide by the provisions of this Stipulation in the form set forth in "Exhibit A" to this Order, which signed agreement will be retained in the file of counsel disclosing the Confidential Information to the party.

        ii. Counsel of record for any of the parties, including all partners and associate attorneys of any counsel's law firm, as well as all paralegals and administrative staff of any counsel's law firm when operating under the direct supervision of the law firm's attorneys, and, where applicable, in-house attorneys responsible for oversight of this litigation.

        iii. Deposition or trial witnesses necessary to aid in the prosecution, defense, or settlement of the action, provided that the witness, before receiving the Confidential Information, has signed an agreement to abide by the provisions of this Stipulation in the form set forth in "Exhibit A" to this Order, which signed agreement will be retained in the file of counsel disclosing the Confidential Information to the witness.

        iv. Any mediator or other similar neutral engaged by the Court or the parties

       to facilitate the resolution of this case, provided that the mediator, before receiving the Confidential Information, has signed an agreement to abide by the provisions of this Stipulation in the form set forth in "Exhibit A" to this Order, which signed agreement will be retained in the file of counsel disclosing the Confidential Information to the mediator.

    v. Court personnel, including court reporters, engaged in the litigation as needed for preparation for trial or the trial of this case.

    vi. Experts or other consultants not affiliated with a party, who have been retained by any party's counsel of record for the purposes of assisting in the preparation for trial or the trial of this case, provided that the expert, before receiving the Confidential Information, has signed an agreement to abide by the provisions of this Stipulation in the form set forth in "Exhibit A" to this Order, which signed agreement will be retained in the file of counsel disclosing the Confidential Information to the expert.

    vii. The parties may meet and confer in good faith to consider any proposed exceptions to this provision, and may seek judicial approval for exceptions if they cannot agree regarding them.

  e. "Case," "Action," or "Lawsuit" mean Case No. 3:11-cv-06713 JW, currently pending in the United States District Court for the Northern District of California.

2. Confidential Information shall be used solely for (a) preparation of the parties' respective cases in this lawsuit and (b) proceedings in this lawsuit. Confidential Information shall not be used for any other purpose whatsoever.

3. The substance or content of Confidential Information, as well as all documents or things containing that substance or content, shall not be disclosed, directly or indirectly, by the receiving party, or by any other Qualified Person to whom the receiving party reveals or discloses it, to anyone other than a Qualified Person.

4. Prior to receiving Confidential Information, all Qualified Persons, except those

4

1 designated in paragraphs 1(d)(ii) and 1(d)(v) above, shall sign a statement in substantially the form
2 as that set forth in "Exhibit A" to this Stipulation, which shall be retained by counsel by whom the
3 Confidential Information is disclosed to the Qualified Person.

4      5.     If any party objects to the other party's designation of information as Confidential
5 Information, the parties will promptly attempt to resolve the dispute informally.  If they cannot, the
6 party asserting the designation must within 30 days of written notice (effective upon faxing or
7 emailing) that the objection cannot be resolved informally, petition the Court to resolve such a
8 dispute or waive the right to do so.  In any such dispute, the party asserting that the designated
9 information is "Confidential Information" as defined above will have the burden to establish it as
10 such.  The material will in all respects be treated as Confidential Information from the time of the
11 original designation until the Court decides the issue or the asserting party has waived the
12 designation.

13      6.     Before filing with the Court any information that has been designated as Confidential
14 Information, or any pleadings, motions or other papers that disclose any such information, counsel
15 shall confer about how it should be filed.  If the party that produced the information so designated
16 desires that the materials be filed under seal, then that party shall seek a court order, pursuant to
17 Northern District Local Rule 79-5, to permit the documents to be filed under seal.  Each party
18 agrees not to oppose a motion to file information designated as Confidential Information under seal,
19 unless there is a pending dispute concerning whether the information should be so designated, as
20 discussed in Paragraph 5 above.  All parties will work in good faith and cooperatively to ensure that
21 the documents are filed, and will take into consideration court deadlines and pending motions.

22      7.     When Confidential Information is presented, quoted or referenced in any deposition,
23 for the offering party shall make arrangements to insure that only permitted Qualified Persons are
24 present during such presentation, quotation or reference.

25      8.     When Confidential Information is included a transcript of a deposition, hearing, trial
26 or other proceeding, the party asserting confidentiality shall, with the cooperation of the other
27 parties, make arrangements with the court reporter for the proceeding to protect the information in
28 one of the following ways: (1) recite on the record at the proceeding that the portion of the

transcript containing the Confidential Information will be designated as Confidential Information, or (2) designate the information as Confidential in writing by sending the designation to the court reporter and the other party within fourteen calendar days after the designating party first receives a copy of the transcript. Until the designation is made or the fourteen days expire without any assertion of confidentiality being made (whichever occurs first), the portions of the transcript containing the Confidential Information will be treated as Confidential Information.

9. In the event that any party inadvertently produces a document believed in good faith to contain Confidential Information, that party shall notify the recipient(s) in writing or by making a statement on the record as soon as practical after the inadvertent production is discovered. Following receipt of such a notice, the recipient(s) shall return to the party asserting confidentiality all originals and copies of any document claimed to contain Confidential Information inadvertently produced. The party asserting confidentiality shall then designate the document as Confidential Information and return it to the recipient.

10. Neither party consents or admits to the actual confidentiality of any material by agreeing to this Stipulation. If either party wishes to challenge the designation of any information as Confidential Information, that party may move the Court for an order releasing the material from the provisions of this Stipulation. The Court, in response to such a motion and upon a showing of good cause, may order removal of the Confidential designation from any materials or information or otherwise amend this Order.

11. This Protective Order is not intended to, and does not, govern the procedures for ensuring the continued confidentiality and protection of Confidential Information in pre-trial oral argument or at trial. If this action proceeds to trial, the parties agree that they will meet and confer prior to trial in an attempt to resolve any issues related to the use of Confidential Information at trial. The parties expressly confer authority on the Court to resolve issues concerning the continued confidentiality and protection of the information in pre-trial oral argument and at trial. But no Confidential Information will lose its confidential status as a result of being offered in evidence at trial.

Stipulated Protective Order, Case No. 3:11-cv-06713-JW
DWT 20104641v1 0092887-000004

**IT IS SO STIPULATED.**

DATED:  July 8, 2012                      SUNDEEN SALINAS AND PYLE
                                          Attorneys for Plaintiff

                                          /s/ Robert Salinas
                                          By: Robert Salinas, Esq.


DATED:  July 8, 2012                      STEVENS & LEE
                                          Attorneys for Defendant

                                          /s/ Kenneth D. Kleinman
                                          By: Kenneth D. Kleinman, Esq.


**Pursuant to the above stipulation, IT IS SO ORDERED**.

DATED: August 10, 2012                    _____
                                          Honorable James Ware
                                          United States District Judge

Stipulated Protective Order, Case No. 3:11-cv-06713-JW
DWT 20104641v1 0092887-000004

## **EXHIBIT A**

I, _____, hereby acknowledge that I am about to receive Confidential Information in connection with the litigation entitled *Glenn v. Healthcare Services Group, Inc.,* United States District Court for the Northern District of California Case Number 3:11-cv-06713 JW.

I understand that the Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order ("Order") in this lawsuit. I have been given a copy of the Order, have read the Order, and agree to be bound by its terms. I understand that Confidential Information defined in the Order, or any notes or other records that may be made regarding any such Confidential Information, shall not be disclosed to anyone except as permitted by the Order.

DATED: _____    _____